IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 16–09–BU–DLC |
| Plaintiff, | |
| vs. | ORDER |
| ZACHARY THOMAS ARMSTRONG, | |
| Defendant. | |

Before the Court is Defendant Zachary Thomas Armstrong's Motion for Early Termination of Supervision. (Doc. 62.) The United States does not oppose. (*Id.* at 2.) United States Probation Officer McKenna Alley does not oppose. (*Id.*) For the reasons below, the Court grants the Motion.

**Background**

On January 5, 2017 Defendant was sentenced for possession of child pornography, in violation of 18 U.S.C. §§ 2252A(a)(5)(B), (b)(2). (Doc. 52.) The Court sentenced Defendant to 48 months of imprisonment, followed by 15 years of supervised release. (*Id.* at 2–3.) Defendant began his term of supervised release on June 28, 2019. (Doc. 63 at 2.)

**Discussion**

A court may "terminate a term of supervised release . . . at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). In determining whether to terminate a term of supervised release, courts consider the factors set forth in 18 U.S.C. § 3553(a). 18 U.S.C. § 3564. These factors include:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) deterrence; (3) protection of the public; (4) the need to provide the defendant with educational, vocational training, medical care or other rehabilitation; (5) the sentence and sentencing range established for the category of defendant; (6) any pertinent policy statement by the Sentencing Commission; (7) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (8) the need to provide restitution to any victims of the offense.

*United States v. Smith*, 219 F. App'x 666, 667 (9th Cir. 2007) (unpublished).

Defendant has served approximately 82 months of supervision, so he is eligible for early release. Defendant argues that the § 3553(a) factors support early release because he "has completely changed his life and his priorities since the instant offense." (Doc. 63 at 4.) While incarcerated, Defendant completed the Bureau of Prisons' Sex Offender Treatment Program and RDAP, as well as a

2

period of aftercare. (*Id.*) He has completed Cognitive Behavioral Therapy and engaged in biblical studies. (*Id.* at 4–5.) Following his release, Defendant continued counseling until his discharge on February 7, 2022. (*Id.* at 5.)

Regarding educational and vocational training, Defendant has started his own construction business and is a certified professional inspector and contractor. (*Id.*) Personally, Defendant has been married for four years. (*Id.*) Defendant has one child—aged 17 months—and is expecting another in November 2026. (*Id.* at 5–6.) Defendant and his wife purchased a home in 2022. (*Id.* at 6.)

Importantly, Defendant's supervising officer, United States Probation Officer McKenna Alley supports early termination of Defendant's supervised release. Officer Alley reports that Armstrong has completed his conditions and his risk level continues to decrease. (*Id.*)

Based on the above, the Court agrees with Defendant that supervision is no longer necessary. The § 3553(a) factors support early termination of supervised release.

Accordingly, IT IS ORDERED that Defendant's Motion (Doc. 62) is GRANTED. Defendant Zachary Thomas Armstrong's supervised release is TERMINATED as of the date of this Order.

DATED this 28th day of April, 2026.

Dana L. Christensen, District Judge
United States District Court